1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   The Biltmore Bank of Arizona, an Arizona)        No. CV-07-936-PHX-LOA
    corporation,                            )
10                                          )        **ORDER TO SHOW CAUSE**
                    Plaintiff,              )
11                                          )
    vs.                                     )
12                                          )
                                            )
13  First National Mortgage Sources, L.L.C.,)
    a foreign limited liability corporation, )
14                                          )
                    Defendant.              )
15  _____)

16

17          Pending for ruling are the parties' dispositive motions. A district court, however,

18  lacks discretion to consider the merits of a case over which it lacks jurisdiction. *Firestone*

19  *Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981).

20          "[S]ubject matter jurisdiction is mandatory and, as such, should be given

21  appropriate attention and scrutiny by all parties to the litigation before removal. The Court

22  poignantly illustrated the potential harm that may arise if subject matter jurisdiction is

23  addressed in haste when it related the facts of *Belleville Catering Co. v. Champaign Market*

24  *Place, L.L.C.*, 350 F.3d 691 (7th Cir. 2003)." *Team Transp. Services, Inc. v. The Elder-*

25  *Beerman Stores Corp.*, 2006 WL 753166 (D. Ariz. 2006). For Defendant First National

26  Mortgage Sources, L.L.C. ("the Broker") to have properly removed this case to federal court

27  on the basis of diversity of citizenship, there be "complete  diversity between all named

28  plaintiffs and all named defendants." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005);

1    *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (finding 28 U.S.C. § 1332(a) applicable

2    "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each

3    defendant").

4              The parties claim that jurisdiction in this case is predicated upon complete

5    diversity of citizenship and an amount in controversy in excess of $75,000 pursuant to 28

6    U.S.C. § 1332(a)(1). (docket # 7 at 3) The parties represent in their Case Management Plan

7    that the Broker is a limited liability company organized under the laws of the State of Kansas,

8    with its principal place of business in Hays, Kansas. *Id.* For purposes of diversity jurisdiction

9    and unlike corporations, limited liability companies "are analogized to partnerships, which

10   take the citizenship of every general and limited partner. *Lincoln Property Co.*, 546 U.S. at

11   84 n. 1 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 189 (1990) ("for diversity

12   purposes, a partnership entity, unlike a corporation, does not rank as a citizen; to meet the

13   complete diversity requirement, all partners, limited as well as general, must be diverse from

14   all parties on the opposing side.")); *Belleville Catering Co. v. Champaign Market Place,*

15   *L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003); *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir.

16   2003) (stating citizenship of unincorporated association to be traced through each layer).

17             "Diversity jurisdiction is based on *citizenship*, not residency." *Kalinowski v.*

18   *Davol, Inc.*, 2006 WL 2615894 * 2 (D. Ariz. 2006) (emphasis in original). "To be a citizen

19   of a particular state, a natural person must both be a citizen of the United States and be

20   domiciled within that state." *Id.* (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S.

21   826, 828 (1989)). "A person's domicile is his or her permanent home, where he or she

22   resides with the intention to remain or to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749

23   (9th Cir.1986)). A person residing in a given state, however, is not necessarily domiciled

24   there, and is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d

25   853, 857 (9th Cir. 2001).

26             Federal jurisdiction must be rejected if there is any doubt as to the right of

27   removal in the first instance. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th

28   Cir. 1979) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam). "The

1  'strong presumption' against removal jurisdiction means that the defendant always has the

2  burden of establishing that removal is proper." *Id.* (citations omitted); *McNutt v. General*

3  *Motors Acceptance Corp.*, 298 U.S. 178, 189(1936).

4          On the Court's own motion and because no verified information has been

5  provided to the Court in the Broker's Answer, the Case Management Plan or elsewhere,

6  identifying every general and limited partner of the Broker, each partner's citizenship and

7  state of domicile,

8          **IT IS ORDERED** that Defendant First National Mortgage Sources, L.L.C. show

9  cause in writing on or before **Monday, February 25, 2008** why this action should not be

10  remanded to state court for lack of jurisdiction under 28 U.S.C. § 1332. Broker may

11  discharge this OSC by attaching, if appropriate, a written declaration under penalty of perjury

12  to its response to this OSC, identifying every general and limited partner of the Broker, each

13  partner's citizenship and state of domicile. Absent good cause shown, failure to timely

14  comply with this order shall result in a **REMAND** of this case to state court.

15          Dated this 11th day of February, 2008.

16

17  _____

18          Lawrence O. Anderson
        United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28